WILLIAM D. WILLIAMS v. ADOLPH PETERSON and Another.[1]

June 2, 1905.

Nos. 14,319—(91).

**Recovery of Money Paid.**

Evidence in this case considered, and *held* to reasonably sustain a recovery for money which it is claimed should have been returned to plaintiff upon the ground that it was due upon the rescission of a written agreement previously entered into between the parties.

Appeal by defendants from an order of the district court for Hennepin county, Harrison, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $3,000. Affirmed.

[1] Reported in 103 N. W. 722.

*G. A. Petri* and *H. F. Woodard,* for appellants.
*Savage & Purdy* and *W. L. Dougherty,* for respondent.

LOVELY, J.

In this action damages were recovered by virtue of the rescission of a contract between plaintiff, with others, the defendant Peterson and the Peterson Carpet Company, a corporation. The cause was tried to the court and jury. The issues litigated were the right of the plaintiff and certain associates to have a written agreement rescinded, and the money paid for a part of the capital stock returned. There was a verdict of $3,000 for plaintiff, who acquired by purchase the interest of his associates, followed by a motion for a new trial, which was overruled. Defendants appeal.

The defendant Peterson, who was a resident of Philadelphia, and the manager of the Peterson Carpet Company, of that city, desiring to establish a branch house in Minneapolis, sought to interest the plaintiff, his brother, and two other young men in the enterprise. Peterson incorporated in Minnesota to aid that purpose, practically owned and controlled the capital, and in fact managed the company. The plaintiff and his associates were young men who had been engaged in business of a similar character. To further and promote the common purpose, a written contract was executed between these persons with Peterson and the corporation. By the terms of this contract, the plaintiffs were to have a certain amount of stock, for which they were to pay $3,000 in money. The contract provided for certain conditions upon which the corporation was to be conducted, the end being that a branch house was to be run and operated in Minneapolis. The complaint sets forth specific allegations to the effect that substantial portions of the written agreement as read to the plaintiff and associates at the time it was signed were fraudulently misrepresented, and a different instrument in fact substituted, which was put in issue. A rescission of the contract was demanded. Plaintiff and his associates had tendered back the stock, and placed themselves in a position where they insisted that they were entitled to a return of their money. It was also, on the evidence, insisted that there had been an agreement in pais for a rescission and return of the money paid, which had been acquiesced in and consented to by all the parties.

Plaintiff, having obtained by assignment the rights of the co-operating parties to the contract, brought this action to recover the full amount due upon such rescission. The complaint sets forth a cause of action entitling plaintiff to the return of the money upon the ground of the alleged fraud which was litigated; but it is unnecessary to consider this question, since, upon submission of the cause to the jury, it was found substantially that no fraud had been committed by defendants, but it was further found that the contract had been rescinded by mutual consent and agreement of the parties; and the sole question which we regard it as our duty to consider and determine upon this review is whether there is evidence reasonably tending to support the finding of the jury.

A critical examination of the entire record leads to the conclusion that the testimony indicates that the parties met after the contract had been executed and money paid, when there was dissatisfaction, followed by mutual promises to rescind, which were made and exchanged, whereby the whole scheme for the formation of the corporation was thrown up; and, while there are certain inferences which might lead to a different conclusion, it was fairly a question for the jury, which was properly submitted by the trial court, whether the alleged executed agreement for rescission was by the mutual consent of all the interested parties to it, and the scheme terminated in fact. We find no substantial ground for interfering with the order of the court in refusing a new trial.

The order appealed from is affirmed.