## OTTO SCHEER v. F. P. HARBAUGH COMPANY.[1]

November 6, 1925.

No. 24,688.

**Rescission of sale agreement proved by evidence.**
1.  Evidence *held* to show a rescission by agreement of the purchase of a tractor.

**When he rescinds contract for fraud, defrauded party cannot recover damages for fraud.**
2.  The rescission of a contract because of fraud inducing it prevents the defrauded party from recovering damages for the fraud. His only right is to be placed in statu quo.

1.  See Sales, 35 Cyc. p. 125.
2.  See Contracts, 13 C. J. p. 623, § 684.

Action transferred to the district court for Hennepin county. The case was tried before Montgomery, J., and a jury, as mentioned in the first paragraph of the opinion. Defendant appealed from an order denying its motion for a new trial. Modified.

*Allen & Fletcher*, for appellant.

*F. A. Latham* and *C. A. Pidgeon*, for respondent.

STONE, J.

Plaintiff sues upon two causes of action; one for damages for fraud claimed to have been perpetrated by defendant in the sale of a rebuilt tractor and the other for the rescission, upon the ground of defendant's breach of contract, of the purchase by plaintiff from defendant of a threshing outfit. The jury, passing upon the first cause of action, found for plaintiff and assessed his damages at $331. In connection with the second cause of action they answered a special question to the effect that, as claimed by plaintiff, defendant had breached his contract to sell the threshing outfit.

[1]Reported in 205 N. W. 626.

Thereafter findings of fact and conclusions of law were made, based in part upon the special verdict, and judgment was ordered for plaintiff for the recovery of the money he had paid and the cancelation of his notes held by defendant. As we understand the case, the verdict for damages found to have arisen from the fraud has been considered as authorizing a judgment independently of and in addition to that so ordered on the second cause of action. It is upon that understanding that we have considered and are deciding the case. The appeal is by defendant from an order denying his motion for a new trial.

In view of our conclusion that the evidence, as appraised by the jury, shows a rescission of the contract for the purchase of the tractor, we do not consider defendant's claim that plaintiff waived the alleged fraud because he discovered it while the contract was wholly executory and, notwithstanding that discovery, proceeded to make settlement for the tractor as required by the contract for its purchase. If that question remained in the case, it might be difficult to avoid the opposing contention that plaintiff's payment for the tractor was induced by and therefore referable wholly to a new undertaking entered into by defendant so to repair and readjust the machine as to make it work.

The alleged fraudulent representations of the tractor concerned its condition and fitness for use. The machine was purchased in February, 1920. Plaintiff's evidence is that, notwithstanding the best efforts of himself and several mechanics sent to his assistance by defendant, it could not be made to work; that he never accepted it and finally turned it back without acceptance and that the contract for its purchase was rescinded by agreement of the parties.

In addition to the testimony offered by plaintiff in support of that contention, we have to consider the written contract of October 28, 1920, for the new threshing outfit, for which plaintiff was to pay defendant $3,808.50 and "one 30x60 gas tractor to be loaded on board car gratis." Here arises the necessity for determining whether, as plaintiff claims, his redelivery of the tractor, under that contract, amounted to a return of it to defendant without its ever

having been accepted under his original contract. The new contract in its reference to the tractor is ambiguous, and open to the argument of plaintiff and the proof in support thereof that the old tractor was not being retransferred to defendant by the new contract, but that plaintiff's only obligation concerning the old tractor was to load it "on board car gratis." The crude wording of the contract leaves the question one of fact and we are not at liberty to interfere with the manner in which it has been answered by the triers of fact.

The original price of the rebuilt tractor was $2,500, something over half of which plaintiff has paid. The balance was represented by his secured promissory note which was renewed some months after the making of the new contract for the threshing outfit. Having long before returned the old tractor to defendant, the renewal of that note upon the insistence of the defendant and the latter's acceptance of it are rather cogent proof that, as plaintiff claims, the real intention of the new contract was simply that the old tractor should be returned to defendant; that what plaintiff had paid and was yet to pay as its price was to apply on the new machinery; in short that plaintiff's purchase of the tractor was rescinded. It was so decided below and we decline to interfere. The result, so far as it depends upon that conclusion, is well supported by the evidence.

In that view of the case, plaintiff must not be taken to have affirmed his purchase of the tractor. But the very rescission for which plaintiff contends and which he established below bars any claim for damages for the fraud inducing him to make the purchase which he has rescinded. A defrauded party cannot both rescind the contract, recovering incidentally what he has parted with, and at the same time recover damages for fraud. The damage in such a case comes from the fact that the defrauded party is induced to bind himself by the contract. By rescission he nullifies and so escapes the contract and in consequence there is no damage. I. L. Corse & Co. v. Minn. Grain Co. 94 Minn. 331, 102 N. W. 728; The Encyclopedia Press, Inc. v. Harris, 140 Minn. 145, 167 N. W. 363;

Kirby v. Dean, 159 Minn. 451, 199 N. W. 174; Williston, Contracts, § 1528.

In this case the rescission was effectuated through the new contract which, according to the verdict of the jury, was breached by defendant through its refusal to deliver the new machinery. But the record puts it beyond dispute that that contract has been performed, and remains unrescinded, insofar as it provided for a redelivery to defendant of the old tractor. That machine was taken back and has been retained by defendant. Its entire purchase price, the decision establishes, was taken over bodily into the new contract and there made to apply upon other machinery. So it must be considered that insofar as the new contract related to the old tractor and effected a rescission of its purchase, it has been fully performed. Defendant has taken back and now owns the old tractor. Plaintiff, having procured a rescission of his purchase in that manner, is not now entitled to damages for the fraud, if any, perpetrated upon him in that transaction. So there is no basis for the verdict awarding plaintiff damages and it should be set aside. On that phase of the case, defendant is entitled to judgment.

Our holding that the new contract, insofar as it relates to the rebuilt tractor, has been fully performed and not rescinded, is no obstacle to the conclusion that, insofar as that agreement relates to the purchase of the new threshing outfit, plaintiff is entitled to have it rescinded because of defendant's refusal to perform. The rescission to that extent of the new contract is not challenged. But it is argued for defendant that it was error not to find the value of the rebuilt tractor at the time the contract was made and allow it, rather than the original price, as an element of damage. That argument would be unanswerable if the tractor itself had been "traded in" by plaintiff as his property to apply upon the price of the new machinery. As already indicated, plaintiff's evidence supports the contrary contention that plaintiff instead of turning in the old tractor as his property was simply returning it to defendant.

We are not overlooking that portion of plaintiff's testimony which is a distinct admission that he "traded in" the old tractor for the

new machinery. That testimony does not stand alone and is inconsistent with other evidence. The issue is one of fact and has been resolved against defendant.

Insofar as the order appealed from denies a new trial of the issues other than that as to damages for fraud, it is affirmed. Insofar as the verdict for those damages is confirmed by the order, it is reversed. On that phase of the case defendant is entitled to judgment. The case is remanded for further proceedings not inconsistent with this opinion.

So ordered.