MARIAN COHOON v. LAKE REGION PRODUCE COMPANY.[1]

March 17, 1933.

No. 29,204.

[1]Reported in 247 N. W. 520.

430

*Leslie S. High,* for appellant.
*Heitmann, McCabe, Gruber & Clure,* for respondent.

HOLT, JUSTICE.

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is upon a contract of employment made by plaintiff's decedent, John L. Cohoon, and defendant, whereby Cohoon was to represent defendant in adjusting with the insurance companies a fire loss defendant had sustained at its place of business in Duluth on the night of February 12, 1932; that he was to be paid ten per cent of the amount as adjusted; that he had made the adjustment at $3,173.06 but had not been paid. The answer was a general denial, except that Cohoon's occupation was admitted. The jury returned a verdict in favor of plaintiff for $317.31, with interest from March 2, 1932, the date of the adjustment.

The assignments of error question the rulings of the court in refusing to strike the whole of the testimony of plaintiff's witness Erickson and in denying defendant's motion for judgment notwithstanding the verdict. Upon three specific parts of the charge errors are also assigned.

Witness Erickson was a deputy state fire marshal. During the trial a controversy arose as to a delay of Cohoon in keeping an appointment with defendant's president, Kersten. The taking of an inventory was to begin on Monday morning after the fire occurred. Kersten testified Cohoon did not come until more than two hours after the time set. Plaintiff produced the marshal to

prove that he had given orders that adjusters as well as others had to stay out of the building damaged until the marshal and the fire warden of Duluth had investigated to ascertain how the fire originated. The city fire warden had testified without objection, but could not remember at what time he had given the adjusters permission to enter the building. Erickson was then called. He had authority over the fire warden. He could not recall the length of time adjusters and others were kept out of the building, but was certain that it was more than a day. It is true that Erickson's testimony did not touch any vital issue in the case. But it tended to explain away a false issue raised by Kersten when he testified that Cohoon did not keep his appointment with him to start work early on Monday. In no event could Erickson's testimony prejudice defendant under the circumstances.

The merit of the appeal rests on the denial of defendant's motion for judgment notwithstanding the verdict. The claim is that plaintiff failed to prove the contract pleaded and its performance by Cohoon. Cohoon was dead. Pattinson worked with Cohoon but was financially interested in the result of the lawsuit, so he could not testify as to the conversations between Cohoon and Kersten as to the contract of employment. But the evidence shows clearly that less than two months before the fire here involved defendant had had a fire loss in the same building and business and had employed Cohoon as its adjuster and the compensation was ten per cent of the amount of loss adjusted; that this time he was also employed to adjust the loss; that he and his employe Pattinson carried the work to a final adjustment of $3,173.06, which was accepted by defendant and has been paid; that the only difference between the contract pleaded and the one testified to by Kersten was that Cohoon was not to have a penny unless the adjustment was entirely satisfactory to Kersten. It was for the jury to determine whether such an unusual condition was attached to the employment as the one named by Kersten; and, even if so, the jury could well find that the adjustment was satisfactory to Kersten within the meaning of that word under the employment. Moreover, the jury were at lib-

erty to reject Kersten's testimony as unreliable. His veracity could be found successfully impeached. He admitted his signature to proofs of loss, but persistently adhered to the assertion that the notary who administered the oath and took his acknowledgment was not present, while the proof is conclusive from not only the notary but disinterested witnesses that the notary was there and functioned as purported by the documents. It seems clear to us that the jury had basis for finding the employment was as pleaded in the complaint.

Defendant contends that this case is ruled by Cremer v. Miller, 56 Minn. 52, 57 N. W. 318, the syllabus in part reading:

"Where the plaintiff seeks to recover upon a special contract, he cannot depart therefrom in his evidence on the trial, and base his right of recovery upon the evidence of the defendant, showing a different contract, and offered by him to contradict the evidence of the plaintiff, and to disprove the alleged contract sued on."

There a special contract was declared on. The answer alleged a different contract and that the plaintiff had not performed it. And it should be noted that the reversal there was not due to a failure of the plaintiff to prove the contract alleged in the complaint, but to errors in the charge. In the case at bar the answer did not plead a different contract; it denied any contract. Consumers Grain Co. v. Wm. Lindeke Roller Mills, 153 Minn. 231, 190 N. W. 65, also cited by defendant, turned upon the fact that the modified contract upon which the complaint was based was held not provable by parol testimony. The only thing that plaintiff here could not prove directly was the rate of compensation. This was supplied when Kersten, called for cross-examination under the statute, testified it was to be ten per cent of the adjusted loss.

Neither side proffered instructions. When the court finished the charge he turned to counsel, saying: "Gentlemen, are there any corrections or suggestions?" The record shows none, except that a consultation occurred between counsel and court, after which the court admitted an error in the date from which to calculate in-

terest in case of a verdict for plaintiff. The interest was to run from March 2 instead of February 19, as stated in the charge. In view of what took place, inaccuracies in the charge should not cause a new trial, unless there was some fundamentally erroneous principle of law which the court directed the jury to follow in arriving at their verdict. Defendant does not discuss or point out in its brief wherein any one of the three instructions challenged by the assignments of error are wrong. And we do not feel it is incumbent upon us to demonstrate their accuracy.

The order is affirmed.

