JAMES L. HOUCHIN v. BRAHAM INVESTMENT COMPANY AND ANOTHER.[1]

April 29, 1938.

No. 31,562.

*Marshall S. Snyder,* for appellant.
*Henry L. Soderquist* and *Harold L. Westin,* for respondents.

PETERSON, JUSTICE.

On February 15, 1930, plaintiff and his wife executed a contract in writing for the purchase of a farm from defendant company for $6,500. A payment of $1,200 was made upon execution of the con-

[1]Reported in 279 N. W. 370.

tract, which provided for the balance in specified deferred payments and the assumption of a mortgage. During negotiations leading to the contract, defendant Olson, the vendor's agent, falsely and fraudulently represented to plaintiff that the farm was free of peat land, thistles, and quack grass. Plaintiff took possession February 16, 1930, and that spring learned that much of the land contained peat and that the fields were infested with thistles. Plaintiff remained on the farm and that fall (November, 1930) paid the first deferred installment of $382.43 and a further payment of $84 or $85 on the contract. He occupied and farmed the land the next two years, 1931 and 1932, making payments on the mortgage from time to time totaling $327. In November, 1932, plaintiff was in default, and after discussion with Olson decided he could not meet the contract and made efforts to rent another farm. Nothing was said in the discussions with Olson about the money plaintiff had paid on the contract. Plaintiff left the farm in March, 1933, with the understanding that the vendor was taking the land back, that he was not further bound by the contract, and that he had no interest in the land. In the fall of 1935 plaintiff brought this action against the vendor and Olson, alleging Olson's false representations, plaintiff's purchase in reliance thereon, that the land was not worth the agreed price of $6,500 but in fact worth only $3,500, and claiming the $3,000 difference as his damage. Defendants admitted the vendor's corporate capacity and denied the other allegations. At the end of plaintiff's evidence the court granted defendants' motion to dismiss. Plaintiff appealed from the judgment entered pursuant thereto after denial of his motion for a new trial.

■ Plaintiff cannot maintain this action because the parties have rescinded the contract for deed by mutual consent. The parties may by mutual consent rescind a contract for deed even though it has been partly performed. 2 Dunnell, Minn. Dig. (2 ed.) § 1807. An action in deceit lies to make a defrauded party whole on his bargain. In the absence of special damages, Johnson v. Wallower, 15 Minn. 387 (472); Sampson v. Penney, 151 Minn. 411, 187 N. W. 135; note, 31 L.R.A.(N.S.) 910, of which there are none in this case, damages are allowed for the difference in value of what he was in-

duced to part with and what he got in the transaction. 3 Dunnell, Minn. Dig. (2 ed.) § 3841. The contract is the basis of the action. The assumption is that the defrauded party has been induced to bind himself by a contract to his damage. Without a contract to be made whole, ordinarily there is no basis for damages. Rescission nullifies the contract. Hence the party is no longer bound by the contract to his damage. As a consequence of rescission, there is no longer any damage. Scheer v. F. P. Harbaugh Co. 165 Minn. 54, 205 N. W. 626; West v. Walker, 181 Minn. 169, 231 N. W. 826, 74 A. L. R. 165; Olson v. N. P. Ry. Co. 126 Minn. 229, 148 N. W. 67, L. R. A. 1915F, 962; note, 31 L.R.A. (N.S.) 910, *supra;* 2 Williston, Sales (2 ed.) § 648b. The contracts in the West and Olson cases were terminated by cancellation proceedings pursuant to statute. See 5 Williston, Contracts (Rev. ed.) § 1524, p. 4267, note 5. In the instant case the contract was terminated by rescission by agreement of the parties. Where the contract ceases to exist, there can be no rights predicated upon it. This is such a case.

■ Plaintiff claims that he is entitled in any event to recover the payments as for money had and received. That an action will lie upon rescission of a contract partly performed to recover payments made by the vendee seems to be sustained by many authorities. LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586; Williams v. Peterson, 95 Minn. 98, 103 N. W. 722; Burner v. N. W. Bible & M. T. School, 161 Minn. 480, 201 N. W. 939; Tunny v. City of Hastings, 121 Minn. 212, 141 N. W. 168; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Phelps v. Brown, 95 Cal. 572, 30 P. 774; Shively v. Semi-tropic L. & W. Co. 99 Cal. 259, 33 P. 848; Gaume v. Sheets, 181 Cal. 119, 183 P. 535; Winter v. Kitto, 100 Cal. App. 302, 279 P. 1024; Bryson v. Crawford, 68 Ill. 362; Smith v. Treat, 234 Ill. 552, 85 N. E. 289; Nason v. Woodward, 16 Iowa, 216; Towers v. Barrett, 99 Eng. Rep. 1014 (*per* Lord Mansfield); 66 C. J. p. 1474, §§ 1560, 1561. Each case seems to be determined upon its own facts. Restatement, Contracts, § 409 and comment a.

But in this case plaintiff sues to recover for deceit, not for money had and received. The pleadings and the evidence did not raise or present any claim for money had and received. No such claim

was called to the attention of the court below. The issue of money had and received was not and is not now in the case. Plaintiff must recover, if at all, upon the claims presented by his complaint. Cohoon v. Lake Region Produce Co. 188 Minn. 429, 247 N. W. 520. Plaintiff did not at any stage of the proceedings ask leave to amend so as to permit recovery upon the basis of money had and received. The alleged contract of rescission by mutual consent was apparently an oral one, and the testimony with respect to it is incomplete and fragmentary. If there is to be a recovery for money had and received it ought to be in an action brought for that purpose in which the claims of the parties would be fully litigated.

Upon no theory can plaintiff recover in the present action either for deceit or for money had and received.

The judgment is affirmed.

STONE, JUSTICE (concurring).

The theory of pleading and trial makes the result seem to me inescapable.

For the reasons stated in the dissenting opinion in West v. Walker, 181 Minn. 169, 231 N. W. 826, 74 A. L. R. 165, I cannot agree that, as stated by Mr. Justice Peterson, "the contract is the basis of the action" to recover damages for deceit, which is one for tort and not on the contract.

One thing more. When for fraud of the other, a contract is properly rescinded by one of the contractors, who then sues in tort for restitution, the measure of damages is precisely what it would be if he had declared simply for money had and received. So if the supposed plaintiff's prayer were for general damages only, it seems to me that no amendment would be necessary to justify recovery in the nature of one for money had and received. There is a technical but real difference, of course, between the tort action for the deceit and the one in quasi contract for money had and received, which waives the tort. But for present purposes and as matter of substance, that difference seems to me inconsequential, because in the two cases the measure of damages is the same.