NORTHWEST HOTEL CORPORATION AND ANOTHER v.
HENRY G. HENDERSON AND OTHERS.

100 N. W. (2d) 493.

December 18, 1959—No. 37,963.

*Joseph L. Abrahamson,* for appellants.
*George Beaverson* and *Frank Janes,* for respondents.

88

MURPHY, JUSTICE.

This appeal is from the conditional order of a district court temporarily enjoining the respondents from serving on the appellants notice of cancellation of their contract for deed pending the outcome of this litigation in that court. Appellants contend that the conditions imposed in the order constitute an abuse of the trial judge's discretion.

The facts concerning the underlying issues in this case are complicated and involved. Much of the material contained in the voluminous pleadings and affidavits relates to the merits of those issues and is not material for a consideration of this appeal. The dispute grows out of a contract for deed for the sale of the Crookston Hotel by respondents to appellants, which contract was entered into in October 1956. The parties agreed to a price of $125,000, which was to be paid in monthly installments of $800 each. These installments were paid up through April 1959, at which time appellants had paid approximately $64,000 on the purchase price. It is alleged that at about that time appellants obtained information leading them to believe that they had been induced to enter into the contract through fraudulent misrepresentations by the respondents. They then ceased to pay installments due under the contract for deed, taxes on the property, or insurance premiums on policies covering the hotel property. They also started the action now pending before the district court seeking either rescission of the contract or damages and other relief. To prevent the respondents from cancelling the contract due to their failure to pay further installments, appellants sought a temporary injunction to prevent respondents from serving a notice of cancellation of the contract for deed pendente lite. This motion was granted subject to certain conditions. The appellants were required either to file—

"* * * a surety company bond in the penal sum of $20,000.00 conditioned in the usual terms to reimburse the defendants Henderson for all loss suffered as a result of issuance of said injunction and due to the delay in their right to cancel said contract for deed, including sums due and to become due under said contract for deed from the time of default thereunder, admittedly the month of May 1959, until the final determination of the suit, in the event it is determined ad-

versely to the plaintiffs, together with costs, taxes advanced, insurance premiums paid and other expenses and losses which may be shown herein * * *"

or, in the alternative, (1) to pay to the respondents all overdue installments and all installments that would come due under the contract pending the outcome of the litigation, (2) to pay up back taxes on the property together with penalties and to pay taxes as due pending the litigation, (3) to pay the insurance premiums overdue or to come due while the litigation is pending, and (4) to file a surety bond "in the usual terms" in the sum of $2,500. The court further ordered that if the appellants elected the second alternative, the respondents were to file a bond of $10,000—

"* * * conditioned to reimburse the plaintiffs for the sums so paid by them in monthly payments, taxes and insurance payments, in the event that they prevail in their action for recission herein."

The district court is authorized to issue a temporary injunction under M. S. A. 585.02, which provides in part:

"When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief consists wholly or partly in restraining the commission or continuance of some act which, if permitted during the litigation, would work injury to the plaintiff, *or when during the litigation it appears that the defendant is about to do, or is doing, or threatening, procuring, or suffering to be done, some act in violation of plaintiff's rights respecting the subject of the action, and tending to make the judgment ineffectual, a temporary injunction may be granted to restrain such act.*" (Italics supplied.)

It seems to be fairly certain that if not restrained the respondents will serve notice of cancellation of contract for deed, and there is authority to the effect that such cancellation proceedings under § 559.21 would result in the forfeiture of all interest of the appellants in the property 30 days after receiving that notice unless the delinquent installments are paid. There is also authority that such cancellation would defeat any action brought by the appellants based on fraudulent misrepresentations inducing the purchase of the land. Olson v. N. P. Ry. Co.

90

126 Minn. 229, 148 N. W. 67, L. R. A. 1915F, 962; West v. Walker, 181 Minn. 169, 231 N. W. 826, 74 A. L. R. 165; Houchin v. Braham Investment Co. 202 Minn. 540, 279 N. W. 370, 120 A. L. R. 1152. Under the circumstances it is apparent that the appellants have established reasonable grounds for the issuance of a temporary injunction under the statute above quoted.

As to the authority of the court in fixing the amount and conditions of the bond, we must turn to § 585.04, which provides:

"When not otherwise especially provided by law, the applicant for the writ, before the same issues, shall give a bond in the penal sum of at least $250, executed by him or some person for him as principal, approved by the court or judge, *conditioned for the payment to the party enjoined of such damages as he shall sustain by reason of the writ, if the court finally decides that the party was not entitled thereto.* The court, on motion, may require additional security and, upon failure to furnish the same, shall dissolve the injunction. The amount of the damages may be ascertained by a reference or otherwise, as the court shall direct, in which case the sureties shall be concluded as to the amount, but the damages shall be recoverable only in an action on the bond." (Italics supplied.)

In discussing this statute in Independent School Dist. No. 35 v. Oliver Iron Min. Co. 169 Minn. 15, 23, 208 N. W. 952, 955, 210 N. W. 856, we observed that the discretion originally exercised by courts of equity in granting temporary injunctions without protecting the party enjoined against loss has been circumscribed. We there said:

"* * * After hearing is had, the law requires the bond to be filed before the writ issues (G. S. 1923, § 9388 [M. S. A. 585.04]). The amount of the bond above $250 still rests within the discretion of the court. But it is clear that such discretion must be exercised with a view to protect the one enjoined against the probable loss that he may sustain, if it be finally determined that the injunction should not have issued."

This statement was quoted with apparent approval, although by way of dicta, in Bellows v. Ericson, 233 Minn. 320, 46 N. W. (2d) 654.

It appears from these authorities that the bond requirement of § 585.04 is intended to protect the party whose actions are restricted by the temporary injunction against losses sustained "by reason of the writ." The sole question for determination is whether the trial court abused its discretion by the terms and conditions of the order from which this appeal is taken. The granting or denial of a temporary injunction involves the balancing of the harm which will result to the parties involved if the injunction is granted or denied.[1] Although the appellants have paid approximately $64,000 on the contract, it must be conceded that they are now delinquent under its terms in the sum of $8,900, including $5,600 back payments and $3,300 unpaid taxes. It must also be conceded that the injunction restrains the respondents from exercising their rights under the contract and statute and deprives them of the possession they would have in the event of cancellation. Under the circumstances we cannot say that the trial court abused its discretion. Within the limits prescribed by the statute, the allowance of a temporary injunction rests largely in judicial discretion, to be exercised with reference to the particular facts in each case and with regard to injury which may result to the parties from the allowance or disallowance of such relief. There are numerous authorities which hold that the action of a trial court in this regard will not be reversed on appeal except for a clear abuse of discretion. 9 Dunnell, Dig. (3 ed.) § 4490.

We must assume for the purposes of this appeal that the contract for deed is valid and enforceable in all respects and therefore that but for the injunction the respondents could cancel the contract and obtain title to and use of the property, together with the valuable right to sell it if they so desired. The potential loss to the respondents by reason of the injunction would include income from the property from the time the injunction takes effect until the action in the district court is finally resolved, or in the alternative a fair rate of interest on the present market value of the property over the same period of time. The respondents are exposed to a further potential loss from penalties due on

---

[1]Northern States Power Co. v. City of St. Paul, 256 Minn. 489, 99 N. W. (2d) 207.

delinquent taxes, attorneys fees attributable to defending against appellants' motion for the injunction, and any other disbursements or losses of income resulting directly from it. It is important to note that by the court's order it has protected the appellants by requiring the respondents to file a $10,000 bond conditioned to reimburse the appellants for the payments made in the event that they prevail in the main action.

Affirmed.