PARADATA OF MINNESOTA, INC., Respondent,

v.

Robert M. FOX, Appellant.

No. C8-84-238.

Court of Appeals of Minnesota.

Oct. 30, 1984.

Thomas W. Wexler, Peterson, Engberg & Peterson, Minneapolis, for respondent.

Daniel J. Starks, Nichols, Kruger, Starks & Carruthers, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court issued a temporary injunction restraining appellant Fox from entering respondent's office, except to obtain his personal property, and from representing himself to be an employee of respondent, and required a $5,000 bond. We affirm.

## FACTS

Respondent Paradata is a Minnesota corporation in the business of selling computer hardware, software and related services. Eighty percent of the stock is owned by Richard D. Brozo, and 20 percent is owned by appellant Fox. Appellant's company, Applied Medical Systems, Inc., owns a Honeywell computer, which was used in Paradata's business. Appellant was an

employee and officer of Paradata from May, 1982, until July, 1983, when he was terminated by Paradata.

Even though terminated, appellant continued to provide services to Paradata. Fox kept a work area with a desk on the premises, and went into the office on a daily basis. The parties agreed to split subsequent profits on a fifty-fifty basis.

During the six months prior to the temporary injunction, appellant and respondent Paradata had a number of arguments and confrontations, during which Fox became angry, loud, and abusive. He yelled, swore, and threatened, thereby disrupting personnel in the area. On January 5, 1984, while Brozo was out of town, Fox and one of his attorneys went to the premises and removed a number of files without consent. The police were called, and appellant left the premises with the files. Appellant subsequently returned the files.

Appellant Fox had contacted customers representing himself as an employee of respondent; he testified that if not restrained, he would return to the premises, service the customers, and do whatever was necessary to protect his interests. The respondent brought a motion for a temporary restraining order, which was granted by the trial court. The hearing on the motion for temporary injunction followed.

The trial court concluded that Paradata would suffer irreparable harm for which there was no adequate remedy at law if the temporary injunction was denied; that harm to Paradata would be substantially greater if an injunction did not issue as compared to the harm to Fox if the injunction did issue; and that Paradata made a prima facie showing that it would probably succeed on the merits. The court ordered that Fox was restrained from entering Paradata's offices, except to obtain personal property, and was restrained from representing himself to be an employee of Paradata, and that the $5,000 bond required pursuant to the temporary restraining order was continued.

## ISSUES

1. Did the trial court abuse its discretion by granting the temporary injunction?

2. Did the trial court abuse its discretion by setting the temporary injunction bond at $5,000?

## ANALYSIS

■ 1. Appellant Fox challenges the trial court's issuance of the temporary injunction. The trial court's ruling on a motion for a temporary injunction is largely a matter of judicial discretion. "(T)he sole question presented on appeal is whether there was a clear abuse of such discretion by the trial court by a disregard of either the facts or the applicable principles of equity." *Cramond v. AFL–CIO*, 267 Minn. 229, 234, 126 N.W.2d 252, 257 (1964). Upon review, this court will view the facts alleged in the pleadings and the affidavits as favorably as possible to the party who prevailed below. *Id.* at 234–35, 126 N.W.2d at 257.

■ The factors which the trial court is to consider in determining whether to grant preliminary injunctive relief are:

(1) the nature of the relationship between the parties before the dispute giving rise to the request for relief;

(2) the harm to be suffered by the moving party if the preliminary injunction is denied as compared to that inflicted on the non-moving party if the injunction issues pending trial;

(3) the likelihood of success on the merits;

(4) the public interest; and

(5) administrative burdens in enforcing a temporary decree.

*Edin v. Jostens, Inc.*, 343 N.W.2d 691, 693 (Minn.Ct.App.1984).

■ Fox correctly argues that the hardships to both parties must be weighed in determining whether to grant the temporary injunction. He claims that the temporary injunction will cause enormous damage to both Paradata and himself. Specifically, he claims that the injunction deprives him of his place of business, customers,

and income from the business, and deprives Paradata of the use of his computer and his services. However, there is evidence in the record to support a finding that Fox is not an indispensable part of the business. Further, there is substantial evidence to support the trial court's conclusion that Paradata will suffer irreparable harm for which there is no adequate remedy at law if the temporary injunction is denied; it is clear from the record that major confrontations disruptive to the business would continue if the temporary injunction had not issued.

In addition, the trial court's findings and accompanying memorandum make it clear that it believed that Paradata had a likelihood of success on the merits. There is sufficient evidence in the record to support that view.

Upon review of the record below and the relevant law, we conclude that the trial court did not abuse its discretion in issuing the temporary injunction.

2. The second issue which this court must address is whether the trial court abused its discretion in setting the bond at $5,000. Appellant urges this court to impose a much higher bond, and suggests that $200,000 would be appropriate.

Rule 65.03(1) of the Minnesota Rules of Civil Procedure provides:

No temporary restraining order or temporary injunction shall be granted except upon the giving of security by the applicant, *in such sum as the court deems proper*, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

(Emphasis added). The trial judge has wide discretion in setting the amount of the bond. *Petition of Giblin*, 304 Minn. 510, 524, 232 N.W.2d 214, 223 (1975). The bond

is intended to protect the party whose actions are restrained against loss sustained by reason of the injunction. Rule 24, Code of Rules for the District Courts. On appeal, this court must determine whether the trial court committed an abuse of discretion. *Northwest Hotel Corp. v. Henderson*, 257 Minn. 87, 91, 100 N.W.2d 493, 496 (1959).[1]

Damages from wrongful issuance of an injunction are recoverable, in the absence of malice, only by action on the bond. *AMF Pinspotters, Inc. v. Harkins Bowling, Inc.*, 260 Minn. 499, 507, 110 N.W.2d 348, 353 (1961). However, it should be noted that Fox has commenced a separate lawsuit against Paradata and its officers and employees, alleging damages in excess of ten million dollars in connection with the same fact situation out of which this injunction arose. As the trial court observed in its memorandum accompanying the order for temporary injunction, "If (Fox) has in fact been wronged, he has his own suit for damages to assert his rights."

The trial court considered appropriate factors in setting the bond, including evidence on Paradata income, and did not abuse its discretion.

## DECISION

The trial court did not abuse its discretion in issuing the temporary injunction or in setting the temporary injunction bond in the amount of $5,000.

Affirmed.

---

1. *Northwest Hotel* was decided under Minn.Stat. § 585.04 (repealed 1974). Although Rule 65.03 has superseded § 585.04, it has not materially changed the law on this point. *See Hubbard Broadcasting, Inc. v. Loescher*, 291 N.W.2d 216, 220 n. 3 (Minn.1980).