**Francis TOURVILLE, Appellant,**

v.

**Beverly KOWARSCH, Respondent.**

**No. C7–84–1512.**

Court of Appeals of Minnesota.

April 2, 1985.

John E. Walsh, Stillwater, for respondent.

Peter J. McCall, St. Paul, for appellant.

Heard, considered, and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

Appellant brought an action against respondent to recover his alleged equitable interest in property in which respondent held title, and where the parties had formerly cohabited. After a trial to the court, the district court found that appellant failed to prove any interest in the property, and appellant brought this appeal. We affirm.

## FACTS

The marriage of respondent Beverly Kowarsch and her husband was dissolved in July, 1980. Respondent received the home, but needed to obtain a mortgage in order to satisfy her former husband's interest in the property. Appellant co-signed the mortgage, which was secured by the property, with respondent, and title was to respondent. Appellant cohabited with respondent at her home from January, 1981, until August, 1982.

Appellant testified that the parties agreed to divide the house payment, and agreed that he would provide labor to work on the property, recording his hours of labor. If the house was sold or if they stopped cohabiting, appellant contends the agreement provided that he would receive the cost of supplies which he used and the value of his labor, and the remaining equity would be divided equally between the parties. He asserts that title was not in joint name because he was involved in litigation, and did not want title in his name while the lawsuit was pending. Appellant submitted evidence as to his contributions, including the number of hours he spent working on the property and monetary contributions which he made.

Respondent testified that appellant agreed to pay $300 per month to live at her house. She asserted that appellant asked her on several occasions to put the property in joint name, but that she declined. She contends that the agreement to which appellant testified did not exist. Respondent also testified that the work appellant did on the property was either done poorly, or done for appellant's benefit or at his suggestion, without her approval or agreement.

The trial court found that appellant paid respondent approximately $300 per month for seventeen of the twenty months the parties cohabited, made one monthly mortgage payment, and purchased some household items. Appellant contributed some labor and material to certain improvements, but those contributions were made without any agreement on the part of respondent for reimbursement or without any agreement expressed or implied that appellant would thereby secure a lien or interest in the real estate. Respondent made nineteen of the twenty monthly mortgage payments, paid the utility bills, insurance premiums, real estate taxes and purchased household items. At all times, title to the property was in respondent's name. The court found that appellant failed to prove any interest in the real estate, and dismissed appellant's complaint with prejudice. Appellant brought this appeal.

## ISSUE

Did the trial court err when it found that the appellant was not entitled to an equitable interest in respondent's property.

## ANALYSIS

■ Upon review, the findings of a trial court will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. Where the trial court's factual findings are reasonably supported by the evidence, they are not clearly erroneous and must be affirmed. *Hilton v. Nelsen*, 283 N.W.2d 877, 881 (Minn.1979).

■ This court must initially consider whether Minn.Stat. §§ 513.075 and 513.076 (1984) are applicable to this case. Those statutes provide that if sexual relations between cohabiting unmarried parties are contemplated, a contract between them concerning property and financial relations is enforceable only if the contract is written and signed by both parties, and en-

forcement is sought after termination of the relationship. Minn.Stat. § 513.075. Absent such a contract, this court is without jurisdiction to hear claims by such individuals. Minn.Stat. § 513.076. Here, the trial court found that no agreement existed as to any contributions made by appellant. This finding by the trial court is reasonably supported by the evidence. Because the trial court found that no agreement existed between the parties, the applicability of Minn.Stat. §§ 513.075 and 513.076 to these facts need not be reached.

 Appellant also contends that respondent was unjustly enriched by the expenses which he incurred in improving and contributing to the premises. He cites *Anderson v. DeLisle,* 352 N.W.2d 794 (Minn.Ct.App. 1984), *pet. for rev. denied,* (Minn. Nov. 8, 1984), in which this court stated that an action for unjust enrichment may be based on situations in which it would be morally wrong for one party to enrich himself at the expense of another. *Id.* at 796.

In *Anderson,* the vendee spent substantial sums on improvements to the property prior to entering into a contract for deed. After the parties entered into the contract for deed, the vendee's check was dishonored and the vendor cancelled the contract. The contract provided that upon cancellation, all improvements belonged to the vendor as liquidated damages. This court found that where the vendor stood silent and watched the vendee make extensive improvements, knowing that because of the vendee's financial condition there was little or no chance he could perform under the contract, that:

> the jury could reasonably find that equity and good conscience require [the vendor] to compensate [the vendee] for the improvements.

*Id.* at 796. The court held that the matter was properly submitted to the jury, and that there was sufficient evidence to support the jury's finding of unjust enrichment.

In this case, the issue was submitted to the court as factfinder. Here, unlike *Anderson,* there is evidence that the respon-

dent did not sit silently by while appellant made improvements. She told appellant that she did not want certain work done; she testified that the work which she agreed to was done poorly. The trial court was not clearly erroneous when it did not find that appellant was unjustly enriched.

 Appellant also cites *In re Estate of Eriksen,* 337 N.W.2d 671 (Minn.1983), in support of his argument that this court should impose a constructive trust against the real estate to prevent unjust enrichment by respondent. Unlike *Erickson,* respondent's home was not purchased jointly by the parties. Instead, respondent and appellant jointly executed the mortgage, which was secured by the subject property. Further, the trial court accepted respondent's testimony that the parties did not have an agreement that appellant had an interest in the property. The trial court had reasonable grounds upon which to believe the respondent's version and disbelieve the appellant's version. *See Hollom v. Carey,* 343 N.W.2d 701 (Minn.Ct.App. 1984).

### DECISION

The trial court was not clearly erroneous in finding that the appellant was not entitled to an equitable interest in respondent's property.

Affirmed.