**Ronald BRAKKE, et al., Appellants,**

**v.**

**Thomas HILGERS, et al., Respondents.**

**No. C1–85–799.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Ronald Brakke, pro se.

Zenas Baer, Wefald & Baer, Hawley, for respondents Hilgers.

David S. Maring, Cahill, Jeffries & Maring, Moorhead, for respondent Zenas Baer.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

After cancellation of a contract for deed the vendees, Ronald and Jean Brakke, sued the vendors, Thomas and Patricia Hilgers and the vendors' attorney, Zenas Baer, claiming: (1) the Hilgers had a duty of forbearance and should not have strictly applied the statutory cancellation proceeding; (2) Baer wrongfully interfered and incompetently advised the Hilgers; (3) the Hilgers and Baer conspired to trespass on the Brakkes' property rights; and (4) Brakkes incurred $450,000 in damages. Brakkes' action was dismissed for failure to state a claim upon which relief may be granted. We affirm.

## FACTS

Thomas and Patricia Hilgers sold approximately 1050 acres to Ronald and Jean Brakke for $1,240,150 by contract for deed dated March 17, 1981. Under the contract,

the Brakkes agreed to: (1) make a $90,-096.89 payment on November 1, 1983 and each November 1 thereafter for 28 years or until the contract price was paid in full; and (2) pay all taxes in 1984 and subsequent years. The contract: (1) granted the Brakkes the right of possession and to remove fences, rocks and trees or other things which would hinder their farming operations; (2) specified that all improvements were to be paid for by the Brakkes; and (3) stated that time of payment was an essential part of the contract.

In November 1984, the Brakkes failed to timely pay $90,096.89 and the property taxes. On November 7, 1984, Hilgers commenced cancellation proceedings. The notice was served on the Brakkes November 7, 1984 and specified the contract would terminate 30 days after service of the notice unless the Brakkes obtained an order from county or district court suspending the cancellation proceeding until any claims or defenses could be disposed of by trial, hearing, or settlement. The Brakkes did not obtain any order and the cancellation notice was filed with the Clay County Recorder on December 11, 1984.

On December 11, 1984, Brakkes filed a labor and material lien against the property with the Clay County Recorder. In January 1985, Hilgers commenced an action against the Brakkes claiming (1) damage by the wrongful filing of Brakkes' alleged lien, and (2) they be adjudged the absolute and unqualified owners of the land. The Brakkes, who proceeded pro se, then commenced an action against the Hilgers and their attorney Baer.

Hilgers moved for dismissal and attorney's fees pursuant to Minn.Stat. § 549.21 alleging: (1) the complaint failed to state a claim upon which relief may be granted; (2) insufficient service of process; and (3) the court lacked subject matter jurisdiction. In response, Brakkes claimed they had a $451,600.38 lien on the property and alleged that prior to cancellation they made: (1) $259,832.65 in improvements to the farmland, which included leveling land, clearing and burying trees, rocks and

fences, filling 90 percent of an open gravel pit, digging drainage ditches and paying for labor to complete these tasks; and (2) $191,767.73 in payments under the contract.

The trial court dismissed Brakkes' complaint on the grounds that it failed to state a claim upon which relief could be granted and awarded $755 in attorney's fees.

## ISSUE

Was dismissal of the Brakkes' complaint for failure to state a claim upon which relief may be granted error?

## ANALYSIS

1. In reviewing dismissal of a complaint for failure to state a claim upon which relief may be granted, we must determine:

> "whether the complaint sets forth a *legally sufficient* claim for relief. It is immaterial to our consideration here whether or not the plaintiff can prove the facts alleged." *Royal Realty Co. v. Levin,* 244 Minn. 288, 290, 69 N.W.2d 667, 670 (1955) (emphasis supplied). The limited function served by such a motion to dismiss was reiterated in *Northern States Power Co. v. Franklin,* 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963):

> A claim is sufficient against a motion to dismiss based on Rule 12.02(5) if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded. To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

*Elzie v. Commissioner of Public Safety,* 298 N.W.2d 29, 32 (Minn.1980).

2. On appeal, Brakkes claim: (1) they have legitimate mechanic's and laborer's liens by operation of law; (2) unjust enrichment by the improvements; and (3) application of the statutory cancellation proceed-

ings is questionable because of the large amounts of property and money at stake. However, the Brakkes' complaint failed to assert mechanic's or laborer's liens claims, or unjust enrichment. These claims were raised in Brakkes' memorandum in response to Hilgers' motion to dismiss and on appeal, but were not pleaded in the original complaint.

3. Even if the complaint could be construed as a claim for unjust enrichment, the trial court did not err in dismissing the complaint. In *Anderson v. DeLisle*, 352 N.W.2d 794, 796 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Nov. 8, 1984), we defined the parameters of a cause of action for unjust enrichment.

> Statutory cancellation does not preclude a suit for unjust enrichment on executory real estate contracts in Minnesota. Fraud and mistake are not the only grounds for recovery under the theory of unjust enrichment. An action for unjust enrichment may be based on failure of consideration, fraud, mistake, and situations where it would be morally wrong for one party to enrich himself at the expense of another.

*Id.* (citations omitted).

In this matter, the Brakkes failed to assert claims for mistake or fraud by the vendors. In *Anderson* we determined a cause of action existed for unjust enrichment where the vendor remained silent and watched the vendee make extensive improvements to the property, knowing that because of the vendee's financial problems there was little or no chance he could perform under the contract. This case is distinguishable. The Brakkes' claims do not indicate Hilgers plotted unfair advantage of the Brakkes or anticipated from the beginning the Brakkes would be unable to meet their contractual obligations. "[T]he principle of unjust enrichment should not be invoked merely because a party made a bad bargain." *Gatz v. Frank M. Langenfeld & Sons Construction, Inc.*, 356 N.W.2d 716, 718 (Minn.Ct.App.1984).

4. Brakkes' claim the Hilgers had a duty of forbearance is without merit. The record reflects the Brakkes breached the terms of the contract. The Hilgers were entitled to institute the statutory cancellation proceedings. The cancellation notice informed the Brakkes they could stay the cancellation proceedings if they secured an order from county or district court suspending the termination of the contract until any claims or defenses were disposed of by trial, hearing, or settlement. Brakkes made no effort to suspend the cancellation proceeding.

5. On appeal, Brakkes failed to assert any trial court error dismissing the claims against attorney Baer. These issues are waived. We need not address the merits of the dismissal of these claims. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn.1982).

### DECISION

The trial court properly dismissed the complaint for failure to state a claim upon which relief may be granted.

Affirmed.