Sylvester J. HOMMERDING, et al., Appellants,

v.

Clarence D. PETERSON, et al., Respondents.

No. C5–85–630.

Court of Appeals of Minnesota.

Nov. 5, 1985.

Sylvester J. Hommerding, pro se.

William S. Seeley, Minneapolis, for respondents.

Considered, and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellants purchased property on a contract for deed from respondent Peterson. After the contract for deed was cancelled due to appellants' default, appellants sued for fraudulent misrepresentation. Summa-ry judgment was entered in favor of respondents. We affirm.

## FACTS

Appellants purchased respondent Clarence Peterson's home on October 28, 1981, on a contract for deed for the sum of $92,500. Appellants paid $15,500 as a down payment and agreed to make monthly payments of $800 commencing December 1, 1981, through November 1, 1986, with a balloon payment for the balance due on November 1, 1986. The contract provided that upon default, the vendor could cancel the contract, and retain payments as liquidated damages.

Appellants failed to make certain contract payments, and on April 24, 1984, respondent gave a 60-day notice of cancellation of the contract for deed pursuant to Minn.Stat. § 559.21 (1984). Appellants then obtained a stay of the cancellation proceedings pursuant to Minn.Stat. § 583.-04 (1984), contingent on their following a payment schedule. On August 6, 1984, the trial court lifted the stay because of appellants' failure to make payments, and the contract was terminated.

On August 29, 1984, appellants commenced action for fraudulent misrepresentation against respondents Peterson, Francis Hatten, a real estate agent, and Century 21-West Wind Realty, the agency listing the home. The complaint charged that respondents failed to inform appellants that water pressure was too low for normal family use, and alleged actual damages of $31,861, as well as punitive damages of $30,000 and costs and fees of $10,000.

Respondents' motion for summary judgment was granted January 8, 1985.

## ISSUES

1. Did the trial court properly hold that appellants' action for fraudulent misrepresentation against the vendor did not survive cancellation of the contract for deed?

2. Did the trial court properly hold that appellants' action for fraudulent misrepresentation against respondents Hatten and

Century 21 survived cancellation of the contract for deed?

3. Was summary judgment properly entered in favor of respondents Hatten and Century 21 on the fraudulent misrepresentation charge?

4. Did the trial court properly find that there were no facts supporting an action for unjust enrichment on the part of the appellants?

## ANALYSIS

Minn.R.Civ.P. 56.03 provides:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Upon review of a summary judgment, this court must determine whether there are any genuine issues of material fact, and whether the trial court erred as a matter of law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Facts must be viewed in the light most favorable to the non-moving party. *Ostendorf v. Kenyon*, 347 N.W.2d 834, 836 (Minn.Ct. App.1984). Here there are no genuine issues of material fact. The sole question is whether the trial court erred as a matter of law.

■ 1. After cancellation of a contract for deed, the vendee cannot bring an action for fraudulent misrepresentation on the contract against the vendor. *West v. Walker*, 181 Minn. 169, 171, 231 N.W. 826, 827 (1930); *Olson v. Northern Pacific Railway Co.*, 126 Minn. 229, 232, 148 N.W. 67, 69 (1914). Appellants argue that the issue of the low water pressure was raised to Peterson in 1982. However, an action is commenced against a defendant when the summons is served upon him. Minn.R. Civ.P. 3.01. Peterson was served September 6, 1984, and Hatten and Century 21-West Wind Realty were served August 31, 1984. The actions were not begun until after the termination of the contract.

Appellants also assert that *West* and *Olson* are distinguishable because in both cases the parties voluntarily agreed to cancel. The vendees in *Walker* and *Olson* did not voluntarily agree to cancel their contract. In *Walker*, plaintiff did not rescind of his own act, and was in possession, claiming that the contract subsisted despite the admission that it was legally cancelled pursuant to statute. *West*, 181 Minn. at 172, 231 N.W. at 827. In *Olson*, the plaintiff defaulted on payments for an executory contract and defendant, pursuant to the contract, served a notice on plaintiff to terminate the contract. Plaintiff did not attempt to stop the cancellation of the contract, but instead brought an action to recover damages for misrepresentation. *Olson*, 126 Minn. at 229–30, 148 N.W. at 68. The cases are not distinguishable upon the grounds claimed by appellants.

The trial court properly found as a matter of law that appellants could not bring an action against the vendor for fraudulent misrepresentation pursuant to a contract for deed after termination of the contract.

■ 2. The issue of whether *Olson* can be applied to protect respondents Hatten and Century 21-West Wind Realty, who were not parties to the contract, requires a different result. In *Raach v. Haverly*, 269 N.W.2d 877, 880–81 (Minn.1978), the supreme court addressed this issue. In *Raach*, the vendees on a contract for deed brought an action alleging fraud against the realtors and vendors, after a statutory cancellation proceeding. The jury found against the realtors; they appealed, alleging in part that *Olson* should shield them against liability. The court declined to so extend *Olson*, holding:

These statements having proven false, the cancellation of the contract between the [vendees] and the [vendors] simply has no bearing on [the realtors'] liability for making them.

*Id.* at 881. The trial court erred in applying *Olson* to grant summary judgment in favor of respondents Hatten and Century 21.

3. The next issue is whether the trial court nonetheless properly granted summary judgment as to Hatten and Century 21. Appellants do not claim that respondents made any false representations as to the amount of water produced by the well. *See Forsberg v. Baker*, 211 Minn. 59, 300 N.W. 371 (1941). The Hommerdings memorandum stated they "had no reason to discuss well and water supply and assumed if they purchased a home that water supply would be adequate for normal family living." The issue then is whether respondent realtors knew of or had a duty to inform appellant of the alleged low water supply. The trial court, because of its ruling on the previous issue, did not address whether there were any genuine issues of material fact as to appellants' charge that respondents had a duty to disclose that the well did not produce an adequate water supply.

In Minnesota, the general rule is that: one party to a transaction has no duty to disclose material facts to the other. However, special circumstances may dictate otherwise. For example:

(a) One who speaks must say enough to prevent his words from misleading the other party. *Newell v. Randall*, 32 Minn. 171, 19 N.W. 972 (1884).

(b) One who has special knowledge of material facts to which the other party does not have access may have a duty to disclose these facts to the other party. *Marsh v. Webber*, 13 Minn. 99 (109) (1868).

(c) One who stands in a confidential or fiduciary relation to the other party to a transaction must disclose material facts. See, e.g., *Wells-Dickey Trust Co. v. Lien*, 164 Minn. 307, 204 N.W. 950 (1925).

*Klein v. First Edina National Bank*, 293 Minn. 418, 421, 196 N.W.2d 619, 622 (1972). *See also Target Stores, Inc. v. Twin City Plaza Co.*, 277 Minn. 481, 498–99, 153 N.W.2d 832, 844 (1967). There are no genuine issues of material fact as to (a) and (c). Appellants do not allege that this is a circumstance described in the first example. Nor is this the type of situation where the respondents and appellants were in a confidential or fiduciary relationship.

The second special circumstance is the only one arguably applicable. Appellants allege in their complaint and affidavit that respondents failed to inform them of the low water supply. Respondents state in an affidavit that they had no knowledge of any alleged water pressure problem. When a motion for summary judgment is properly supported:

> an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial.

Minn.R.Civ.P. 56.05. *Marose v. Hennameyer*, 347 N.W.2d 509, 511 (Minn.Ct.App. 1984). Appellants have presented no specific facts showing that respondents had actual knowledge of the low water pressure. Further, these facts do not present any kind of "hidden defect." *See, e.g.,* Restatement (Second) of Torts § 551, comment 1, illustration 9 (1977). Respondents did not have special knowledge of a material fact to which appellants did not have access. The sufficiency of a water supply in a well is the kind of fact "open to discovery upon reasonable inquiry by the vendee." *Papile v. Robinson*, 4 Conn.Cir. 307, 231 A.2d 91, 95 (1967). Summary judgment was properly granted as to respondents Hatten and Century 21.

4. Appellants also claim that they are entitled to damages for unjust enrichment, although such a claim was not made in their complaint. The trial court addressed the issue in its decision and we will discuss it here.

A defaulting party may have a cause of action for unjust enrichment after a statutory cancellation. *Zirinsky v. Sheehan*, 413 F.2d 481, 488 (8th Cir.1969), *cert. denied*, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970); *Anderson v. DeLisle*, 352 N.W.2d 794, 796 (Minn.Ct.App.1984). Unlike an action for fraudulent misrepresentation on the contract, an action for unjust enrichment is not based on the contract, but is a quasi-contractual agreement implied by law. *Zirinsky*, 413 F.2d at 488.

Therefore, a statutory cancellation will not bar a suit for unjust enrichment. *Id.* at 489. *See Anderson*, 352 N.W.2d at 796. The theory of unjust enrichment or money had and received has been used to support claims based on failure of consideration, fraud, mistake, or other situations where it would be morally wrong for one party to enrich itself at the expense of another. *Cady v. Bush*, 283 Minn. 105, 110, 166 N.W.2d 358, 361–362 (1969). Unjust enrichment is founded on the principle that a defendant who has received money, which in equity and good conscience should have been paid to the plaintiff, should pay the money over. *Id.* at 110, 166 N.W.2d at 361.

In this case, the trial court found that the theory of unjust enrichment would also fail on the undisputed facts of the record. The provisions of the contract for deed state that if the vendees default, the vendor may cancel and terminate the contract, in which case the payments made would be forfeited. The appellants did default and the respondent cancelled and terminated the contract; the payments were thus forfeited pursuant to the contract. Unjust enrichment may not be found merely because appellants defaulted on the contract. As the supreme court stated in *Cady:*

> Under the circumstances [respondents] did no more than exercise rights which were granted to [him] under the plain provisions of their written agreement. Courts are not warranted in interfering with the contract rights of parties as evidenced by their writings which purport to express their full agreement. Nor is it within the province of equity to rewrite or abrogate contracts to protect parties from consequences which are attendant upon their voluntary abandonment of a contract, the consequences of which abandonment were reasonably foreseeable when the contractual obligations were assumed.

*Id.* at 110, 166 N.W.2d at 362 (citations omitted).

We note that this case is distinguishable from *Anderson*, where the vendors stood silently by and watched the vendee make extensive improvements to their property, contracting to retain the improvements upon default, knowing that because of the vendee's financial problems, he had little or no chance of performing. *Anderson*, 352 N.W.2d at 796.

## DECISION

The trial court properly found that there were no genuine issues of material fact. Appellants' action for fraudulent misrepresentation against the vendor did not survive cancellation of the contract for deed. Cancellation of the contract did not bar the action against respondents Hatten and Century 21. Sufficiency of a water supply in a well is a fact open to discovery upon reasonable inquiry by a vendee, and summary judgment was properly granted in favor of respondents. Appellants cannot recover on an unjust enrichment theory when they contracted that monies paid were liquidated damages in event of default.

Affirmed.