**FORT DODD PARTNERSHIP, Appellant,**

v.

**Gerald L. TROOIEN, Respondent.**

No. C2–86–479.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Steven C. Opheim, Dudley and Smith, P.A., St. Paul, for appellant.

Edward M. Laine, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Fort Dodd Partnership appeals from an order granting summary judgment in favor of respondent Gerald L. Trooien. The trial court determined that Fort Dodd could neither maintain an action for the recovery of its contract payments under a contract for deed held with respondent Trooien nor could it maintain an action for unjust enrichment based on the increased market value of the property following statutory cancellation. We affirm.

## FACTS

On July 10, 1979 Fort Dodd, a limited partnership consisting of two general partners and 15 limited partners, and Trooien entered into a Contract for Deed for the sale of 38 rental townhomes in Eagan, Minnesota for $1,368,000 payable as follows:

(1) $200,000 cash downpayment on the date of sale;

(2) Assumption of an existing mortgage for $804,261.06 in favor of Northwestern Federal Savings and Loan Association of Williston, North Dakota;

(3) Assumption of a prior contract for deed for $136,473.77 from Dodd Hill Development Co.;

(4) Assumption of a prior contract for deed for $80,822.41 from William J. Rostal;

(5) Payment of $146,442.84 to Trooien on a contract for deed payable to him.

The contract contained a liquidated damage clause that provided that all payments made under the contract would belong to the seller if there was a cancellation.

From July 10, 1979 to June, 1982 Fort Dodd made payments under the contract.

Fort Dodd then went into default because of the wrongdoing of one of its general partners who without the knowledge of the other partners, made a number of

unauthorized expenditures which drained Fort Dodd's funds.

Pursuant to Minn.Stat. § 559.21 (1984) Trooien commenced cancellation proceedings. The cancellation was contested judicially, and the trial court ultimately ruled in Trooien's favor. Immediately after cancellation the limited partners, then first aware of the default, attempted to reinstate the contract, but Trooien refused their offer. Fort Dodd appealed the cancellation to a three-judge panel of the district court who affirmed the earlier decision of the trial court. Several months later Fort Dodd commenced this action against Trooien based upon a theory of unjust enrichment, to recover the appreciated value of the property received by Trooien after statutory cancellation.

The trial court granted summary judgment in Trooien's favor, finding that there were no genuine issues of material fact and that a cause of action for unjust enrichment did not exist under the facts alleged by Fort Dodd. Fort Dodd appeals.

## ISSUE

Did the facts support an action for unjust enrichment?

## ANALYSIS

1. An independent real estate appraisal conducted after Fort Dodd's default indicated an increase in the value of the property of approximately $282,000. Although conceded by Fort Dodd that Trooien can retain payments made by it on a canceled contract as liquidated damages, such damages must fairly reflect the actual damages resulting from Fort Dodd's failure to perform the contract. Fort Dodd maintains Trooien was unjustly enriched when he received appreciated property after cancellation in addition to the payments made by it under the contract.

Trooien argues that Fort Dodd's action for unjust enrichment fails because Fort Dodd has not alleged, nor is there evidence of, any fraud, mistake or moral wrongdoing on his part which precipitated Fort Dodd's default.

In Minnesota, statutory cancellation does not preclude a suit for unjust enrichment brought by a defaulting vendee. *Zirensky v. Sheehan,* 413 F2d 481, 488, (8th Cir.1969) *cert. denied* 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970). The theory of unjust enrichment or money had and received has been used to support claims based upon failure of consideration, fraud in the inducement of the contract, mistake, or other situations where it would be morally wrong for one party to enrich itself at the expense of others. *Cady v. Bush,* 283 Minn. 105, 110, 166 N.W.2d 358, 361–362 (1969). Unjust enrichment is founded on the principle that a defendant who has received money, which in equity and good conscience should have been paid to the plaintiff, should pay the money over. *Id.*

Fort Dodd relies on several cases to support its two-fold argument that the value of appreciated property is recoverable by a defaulting vendee and that an action for unjust enrichment can be maintained without evidence of fraud or mistake on the part of the vendor. *Zirensky* and *Anderson v. DeLisle,* 352 N.W.2d 794 (Minn. Ct.App.1984) *pet. for rev. denied* (Minn. Nov. 8, 1984). In *Zirensky,* the eighth circuit, applying Minnesota law, stated that a vendee could recover payments made in excess of the vendor's actual damages under a theory of unjust enrichment, but the burden is on the vendee to show the vendor's alleged excess of rightful damages. *Zirensky* at 489. The court denied vendee's claim for unjust enrichment because there was no showing made by him of the value of the property on the date of default to indicate whether the vendor received more than his actual damages after cancellation. *Id.* at 489–490. Here, unlike *Zirensky,* Fort Dodd maintains it has shown an appreciation in the value of the property of $282,000. Instead of receiving liquidated damages totaling the amount of the payments made, by Fort Dodd, ($344,988.23) Trooien received $626,988.23 as

damages equal to the amount of appreciation plus payments made. Because Trooien retained $626,988.23 instead of $344,988.23 Fort Dodd claims it is entitled to the return of $282,000.00, the amount which exceeds Trooien's actual damages.

In *Anderson* property was sold under a contract for deed where the seller knew before the agreement was signed that the buyer had financial problems and was unlikely to perform in the future under the contract. *Anderson* at 795. Despite this knowledge, the seller allowed the buyer to make significant improvements on the property. The buyer never took possession of the property and because of his financial difficulties, was unable to perform, and the contract was canceled. *Id.* The vendee sought to recover the value of his improvements to the property. This court allowed recovery after cancellation of the contract for deed for unjust enrichment without an express showing of fraud or mistake. *Id.* at 796.

Both cases are readily distinguishable. Although true in *Anderson* that no express findings of fraud or mistake were made, this court indicated that moral wrongdoing similar in its nature to fraud was required before an action for unjust enrichment could be maintained. The court stated:

> In this case there was no mistake or fraud by the vendors. But, DeLisles stood silent and watched Anderson make extensive improvements to their property. They contracted to retain those improvements upon default knowing that because of Anderson's financial problems there was little or no chance that he could perform under the contract. In such a situation, the jury reasonably could find that equity and good conscience require DeLisles to compensate Anderson for the improvements.

*Id.*

Here no comparable act of moral wrongdoing is present. Fort Dodd purchased property which provided its own income to meet all obligations under the contract for deed. Fort Dodd made no substantial improvements on the property, but merely maintained the townhomes and collected rent from them. Most importantly, the partnership's default was not caused by Trooien, but rather was the fault of one of the general partners who misappropriated funds.

Fort Dodd's reliance upon *Zirensky* is also misplaced. In *Zirensky* the court held that a defaulting vendee may have a cause of action for unjust enrichment after cancellation of a contract for deed, but that the evidence presented in that case failed to establish such unjust enrichment. *Zirensky* at 489. The court implied in *dicta* that a claim might exist where the vendee had evidence of property appreciation to show that the vendor had suffered no actual damages. No Minnesota court has yet adopted *Zirensky's dicta* or allowed a claim for unjust enrichment without a threshold showing by the defaulting vendee of fraud, mistake, or moral wrongdoing on the part of the vendor. This will not be the first case to do so.

The present case falls closer to *Hommerding v. Peterson*, 376 N.W.2d 456 (Minn.Ct.App.1985). In *Hommerding*, the purchaser bought a home on a contract for deed, paying $15,000 as a down payment and agreeing to make monthly payments of $800. Payments were made for three years when the purchaser went into default. The contract was consequently canceled. This court held that a claim for unjust enrichment was not presented on the facts. The court noted that the contract provided that the payments would be forfeited on cancellation, and that the seller acted pursuant to the contract. The court stated that "unjust enrichment may not be found merely because appellants defaulted on the contract." *Id.* at 460.

Like *Hommerding*, here the contract for deed allowed Trooien to retain the payments made on the contract if there was a default. There are no allegations that Trooien made any misrepresentations, committed any fraud, or acted in a morally wrong fashion. The only actions Trooien made were pursuant to the contract according to terms expressly known to all parties

at the signing of the contract. Under these circumstances, there can be no claim for unjust enrichment.

### DECISION

Fort Dodd may not recover the value of the appreciated property received by Trooien after statutory cancellation. The partnership has not made a threshold showing of fraud, mistake, or moral wrongdoing on the part of Trooien to maintain a cause of action for unjust enrichment.

Affirmed.