**Ronald J. MECHURA, Respondent,**

v.

**Jeanne M. McQUILLAN, Appellant.**

**No. CO–87–1365.**

Court of Appeals of Minnesota.

March 8, 1988.

Andrew J. Eisenzimmer, Meier, Kennedy & Quinn, St. Paul, for respondent.

Arvid W. Rydholm, Callinan, Raidt & Rydholm, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

This appeal is from a trial court judgment holding appellant has no legal or equitable interest in the property at issue because no written contract existed between appellant and respondent pursuant to Minnesota cohabitation statutes. *See* Minn.Stat. §§ 513.075 and 513.076 (1986). Because no written contract exists, all claims by appellant are barred by the cohabitation statutes. Affirmed.

## FACTS

The parties met in March of 1984, began dating and later decided to live together. The house, which is the main subject matter of this case, was purchased in October 1984. Title to the house was placed in joint tenancy for two reasons. First, it was the intent of the parties appellant would contribute to the payment of the mortgage, taxes, and other household expenses. Second, in the event of death the parties wanted to avoid any conflict the survivor might experience with the decedent's children or former spouse.

A joint checking account was established to handle household expenses, including mortgage and insurance payments. Appellant initially was to contribute $400, with respondent contributing $1400. As it turned out, respondent deposited $1900 per month in the account while appellant contributed substantially less than the agreed upon amount.

With her own funds appellant purchased a washer and dryer, sewing machine and stereo which are now in the possession of respondent. Respondent provided appellant gifts in the form of clothing, jewelry, trips, and the use of a credit card. Respondent also provided appellant employment with his business and paid her $1870 during 1985.

At the time the house was acquired, respondent furnished the entire amount of the cash consideration for the purchase, $23,359.00. Appellant did not contribute any portion of the acquisition cost of the property. Subsequently, appellant and respondent executed a mortgage against the property in the amount of $74,000.00.

During the time they lived together, appellant contributed a total of approximately $1400 to $1800 to joint living expenses. At the time of trial, respondent had paid $55,000 for the purchase of the property, mortgage payments and other expenses.

Respondent admits stating to appellant if he ended the relationship he would give her the house or $20,000. Appellant claims she was named joint tenant because of this agreement which evolved as the relationship grew.

During the fall of 1985, appellant became dissatisfied with the relationship and decided to move out. Respondent stated it was appellant who decided to end the relationship. He wanted it to continue, and she did not fulfill her part of the agreement.

Appellant brought suit to compel a partition of the home and recover her alleged interest. Respondent commenced an action requesting a determination that appellant had no right, title, estate, interest or lien in the property. By stipulation the actions were consolidated for trial.

Appellant contends there was a legally enforceable agreement providing if their

relationship ended, she would get the house or $20,000. Appellant admits the alleged agreement was not put in writing and there are no documents or writings other than the deed and mortgage which purport to detail the alleged agreement. Appellant stated it was to be a business relationship and she was to show respondent how to be a caring, loving person. She admits there was contemplation of sexual relations as part of the relationship and she did not succeed in making the relationship work.

The trial court found appellant and respondent did not intend to share equally in the ownership of the premises; neither party had the requisite intent to form a contract whereby appellant would have legal or equitable interest in the house, and any purported agreement was without consideration. The trial court also found the alleged agreement to share in the earnings or property of appellant was not reduced to writing and therefore did not comply with Minn.Stat. § 513.075.

On appeal, appellant claims (1) she has an interest in the property as a joint tenant and the cohabitation statutes do not apply, (2) if the cohabitation statutes do apply she met their requirements, and (3) the trial court erred in failing to properly divide the parties' personal property.

## ISSUES

1. Did the trial court err in applying Minn.Stat. §§ 513.075 and 513.076 and finding the statutes bar appellant's claim because there was no written contract?

2. Did the trial court err in concluding there was an equitable division of personal property?

## ANALYSIS

■ Upon review, the findings of a trial court will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. Where the trial court's factual findings are reasonably supported by the evidence, they are not clearly erroneous and must be affirmed. *Tourville v. Kowarsch*, 365 N.W.

2d 298, 299 (Minn.Ct.App.1985) (citing *Hilton v. Nelsen*, 283 N.W.2d 877, 881 (Minn. 1979)).

■ 1. Initially, this court must determine if the trial court erred in applying Minn.Stat. §§ 513.075 and 513.076 to this case. Those statutes provide if sexual relations between cohabiting unmarried parties are contemplated, a contract between them concerning property and financial relations is enforceable only if the contract is written and signed by both parties, and enforcement is sought after termination of the relationship. Minn.Stat. § 513.075. Absent a written contract, courts are without jurisdiction to hear such claims. Minn. Stat. § 513.076.

Appellant, relying on *In re Estate of Eriksen*, 337 N.W.2d 671 (Minn.1983), argues the cohabitation statutes do not apply to this case because she made contributions to the parties' relationship. The supreme court in *Eriksen* held:

Sections 513.075 and 513.076 were not intended to apply * * * where the claimant does not seek to assert any rights in the property of a cohabitant but to preserve and protect her own property, which she acquired for cash consideration wholly independent of any service contract related to cohabitation.

*Id.* at 673.

Appellant's reliance on *Eriksen* is misplaced. *Eriksen* is distinguishable because it involved equal contributions by both parties to the acquisition and maintenance of property. Thus, the supreme court affirmed the creation of a constructive trust of one half of the property for the claimant's benefit to prevent unjust enrichment of Eriksen's estate. *Id.* at 674. No claims of unjust enrichment exist in this case where respondent provided the entire payment for the house.

Furthermore, in *Eriksen* the claimant was not seeking to assert rights in the property of a cohabitant, but to preserve and protect her own property, which she acquired for cash consideration wholly in-

dependent of any service contract related to cohabitation. Appellant's assertion that she had a "business relationship" with respondent involving consideration in addition to their contemplation of sexual relations which entitles her to a share of respondent's house is not supported by the facts.

This case represents precisely the type of claim Minn.Stat. §§ 513.075 and 513.076 were designed to prohibit absent a written agreement between the parties. *See also Moore v. Sordahl,* 389 N.W.2d 748, 750 (Minn.Ct.App.1986) (no written agreement); *Tourville,* 365 N.W.2d at 300 (no written agreement); *Hollom v. Caerey,* 343 N.W. 2d 701, 704 (Minn.Ct.App.1984) (no written agreement).

■ Having determined Minn.Stat. §§ 513.075 and 513.076 apply, it is necessary to determine the effect of their application. The cohabitation statutes require a written contract between parties living together in contemplation of sexual relations before a court will consider a claim by one party to the other's earnings or property. *Moore,* 389 N.W.2d at 750.

■ We disagree with appellant's contention there is an enforceable agreement because the purchase agreement and mortgage constitute the requisite written contract under the statute. The fact the parties held the property as joint tenants and signed real estate documents does not necessarily fulfill the writing requirement of Minn.Stat. § 513.075. Specifically absent in these real estate documents is any reflection of the terms and conditions of the purported promises made by the parties in this case.

The trial court concluded no written agreement existed between the parties whereby one would share in the earnings or property of the other. The record sustains the trial court's findings and conclusion.

■ 2. After a review of the record we conclude it was not clearly erroneous for the trial court to find the parties equitably distributed items of personal property.

## DECISION

The trial court properly found Minn.Stat. §§ 513.075 and 513.076 bar appellant's claims to the real property in question and the parties' distribution of personal property was equitable.

Affirmed.