*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1639**

Hammes West, LLC,
Appellant,

vs.

Dorothy Lyons, et al.,
Respondents.

**Filed May 31, 2016
Reversed and remanded
Schellhas, Judge**

Washington County District Court
File No. 82-CV-15-2566

William R. Skolnick, Andrew H. Bardwell, Skolnick & Joyce, P.A., Minneapolis, Minnesota (for appellant)

Mark W. Vyvyan, Kyle W. Ubl, Fredrikson & Byron, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the sua sponte dismissal of its unjust-enrichment claim, arguing that genuine issues of material fact exist and that it was prejudiced by a lack of notice and meaningful opportunity to oppose the dismissal. We reverse and remand.

## FACTS

Respondents Dorothy Lyons, Eleanor Hammes, Leo Hammes, Margot Hammes, and the estate of Earl Hammes (the Hammes family) owned approximately 78 acres of undeveloped real property in Washington County. In early 2013, the Hammes family's attorney, James Gasperini, approached Brian McGoldrick about developing the property. On November 14, 2013, the Hammes family sold the property to appellant Hammes West LLC, solely owned by McGoldrick, for $8 million under a contract for deed. Due to unforeseen circumstances that required extensive soil-correction work on the property, the parties cancelled the contract for deed on July 1, 2014.

The same day, the Hammes family and Hammes West executed a supplemental agreement that, among other things, required the signature of Gasperini on checks written on Hammes West's checking account and any subsequently opened accounts related to the property development. The agreement also provided the Hammes family and its attorneys with complete access to Hammes West's accounts receivable, accounts payable, and bank accounts and entitled the Hammes family and its attorneys to "receive monthly summaries regarding all Hammes West, LLC financial matters." Additionally, the agreement provided that The Afton Law Office, representing the Hammes family, was responsible for maintaining the books of Hammes West until the final payment was made under the yet-to-be-executed contract for deed. And the agreement required Hammes West to compensate The Afton Law Office for its services.

Also on July 1, 2014, McGoldrick signed a document entitled "McGoldrick Disclosure (Revised)," in which he acknowledged conflicts of interest of Gasperini and

2

The Afton Law Office. In the disclosure, McGoldrick agreed that upon execution of a contract for deed, Gasperini would receive $5,000 per month for "development services and bookkeeping services on behalf of [Hammes West] and the Hammes Family" and 30% of the net profit received by Hammes West. McGoldrick also agreed that "[u]pon the first closing of the custom builder lots, but not later than December 31, 2014," Hammes West would pay to Gasperini or The Afton Law Office $50,000 "as payment for the preceding eighteen months for development services provided on behalf of the Hammes Family."

On July 15, 2014, the Hammes family and Hammes West executed a new contract for deed for the sale of the property to Hammes West at a reduced price of $6.4 million. The contract for deed credited Hammes West with its June 20, 2014 earnest-money payment of $250,000 and required Hammes West to make several installment payments, including payments of $50,000 on October 31, 2014; $1 million on December 20, 2014; and $1 million on May 10, 2015. Hammes West made the $50,000 payment due on October 31, 2014, but failed to make the remaining payments.

In February 2015, the Hammes family served Hammes West with notice of statutory cancellation of the contract for deed. The parties thereafter entered four agreements to extend the cancellation period, the last of which expired on May 29, 2015, without reinstatement. Hammes West then sued the Hammes family, seeking to temporarily and permanently enjoin the contract-for-deed cancellation and alleging claims of breach of good faith and fair dealing and unjust enrichment. The district court temporarily restrained the Hammes family from cancelling the contract for deed. On August 7, 2015, the day that the court heard Hammes West's motion for a temporary injunction, Hammes West moved

to amend its complaint to assert a claim of breach of fiduciary duty against Gasperini and additional claims of conversion and breach of fiduciary duty against the Hammes family. The court rescinded the temporary restraining order, denied the motion to amend the complaint, and sua sponte dismissed Hammes West's complaint with prejudice. The court did not respond to Hammes West's subsequent request for leave to move for reconsideration.

This appeal follows.

## D E C I S I O N

The parties rightly agree that the district court considered matters beyond the pleadings and that the court's dismissal of the complaint therefore should be treated as a grant of summary judgment. *See Dickhoff ex rel. Dickhoff v. Green*, 836 N.W.2d 321, 328 (Minn. 2013) ("When the parties present matters outside the pleadings and those matters are not excluded by the district court, we treat the court's [dismissal] order as one for summary judgment.").

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03.

> On appeal from summary judgment, [appellate] court[s] review[] de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law to the facts. [Appellate courts] view the evidence in the light most favorable to the party against whom summary judgment was granted . . . .

4

*Commerce Bank v. W. Bend Mut. Ins. Co.*, 870 N.W.2d 770, 773 (Minn. 2015) (citation omitted). "No genuine issue for trial exists when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *McKee v. Laurion*, 825 N.W.2d 725, 729 (Minn. 2013) (quotations omitted).

> Neither the summary judgment rule nor any other procedural rule gives the trial court express authority to enter a summary judgment on its own motion. The authority is derived from the inherent power of the trial court to dispose summarily of litigation when there remains no genuine issue as to any material fact and judgment must be ordered for one of the parties as a matter of law. The same conditions must exist as would justify a summary judgment on motion of a party.

*Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 280, 230 N.W.2d 588, 591–92 (1975); *see also Phelps v. State*, 823 N.W.2d 891, 894 (Minn. App. 2012) ("A district court's authority to order summary judgment on its own motion stems from its inherent power to dispose summarily of litigation when there remains no genuine issue as to any material fact and judgment should be ordered as a matter of law." (quotation omitted)).

> Unless the objecting party can show prejudice arising from the lack of notice, exercising summary judgment power at pre-trial is sound. Seldom should lack of notice prejudice a party, as each party should be fully prepared on the facts applicable to the case in order to participate in the pre-trial. To compel a 10 day delay solely to comply with the notice requirements of Rule 56.03 would seem ill-advised.

*Del Hayes*, 304 Minn. at 281, 230 N.W.2d at 592 (quotations omitted)).

*Judgment as a matter of law*

Upon a vendee's default under a contract for deed, the vendor may cancel the contract by serving statutory notice of cancellation. Minn. Stat. § 559.21, subd. 2a (2014);

*Lambert v. Bongard*, 648 N.W.2d 712, 715 (Minn. App. 2002) ("When a vendee defaults on a contract for deed, the vendor may cancel the contract by serving the appropriate statutory notice of cancellation under Minn. Stat. § 559.21 (2000)."), *review denied* (Minn. Sept. 25, 2002). The contract is cancelled if the vendee fails to satisfy the conditions of default and other statutory conditions within the time provided. Minn. Stat. § 559.21, subd. 4(c), (d) (2014). "A statutory cancellation of a contract for deed results in the vendee's forfeiture of all payments made and restoration of full legal and equitable title in the property to the vendor." *In re Butler*, 552 N.W.2d 226, 230 (Minn. 1996).

Hammes West argues that the district court erred as a matter of law by dismissing its unjust-enrichment claim because an unjust-enrichment claim can survive a cancellation of a contract for deed under Minnesota law.[1] "[S]tatutory cancellation does not preclude a suit for unjust enrichment brought by a defaulting vendee." *Fort Dodd P'ship v. Trooien*, 392 N.W.2d 46, 48 (Minn. App. 1986). "The theory of unjust enrichment . . . has been used to support claims based upon failure of consideration, fraud in the inducement of the contract, mistake, or other situations where it would be morally wrong for one party to enrich itself at the expense of others." *Id.*; *see also Miller v. Anderson*, 394 N.W.2d 279, 283 (Minn. App. 1986) ("Although the statutory cancellation of a contract for deed does not preclude a claim of unjust enrichment, [vendees] must make a threshold showing of fraud, mistake, or moral wrongdoing on the part of the contract for deed vendor.").

---

[1] Only the unjust-enrichment claim is at issue in this appeal. Hammes West does not challenge the dismissal of its other claims.

Hammes West relies on *Anderson v. DeLisle*, 352 N.W.2d 794 (Minn. App. 1984), *review denied* (Minn. Nov. 8, 1984), to support its argument that the district court erred by dismissing its claim of unjust enrichment. In *Anderson*, the vendee made improvements to the vendors' real estate, and the parties later entered a contract for deed for the property. 352 N.W.2d at 795. The vendors cancelled the contract for deed after the vendee defaulted. *Id.* The district court granted judgment for the vendors on the vendee's unjust-enrichment claim notwithstanding the jury verdict for the vendee, reasoning that the unjust-enrichment claim should not have been submitted to the jury in the absence of any evidence of mistake or fraud by the vendors. *Id.* at 795–96. We reversed, stating that "[s]tatutory cancellation does not preclude a suit for unjust enrichment on executory real estate contracts in Minnesota." *Id.* at 796. We also explained as follows: "Fraud and mistake are not the only grounds for recovery under the theory of unjust enrichment. An action for unjust enrichment may be based on failure of consideration, fraud, mistake, and situations where it would be morally wrong for one party to enrich himself at the expense of another." *Id.*

In *Anderson*, we noted the absence of mistake or fraud by the vendors. *Id.* But we also noted that

> [the vendors] stood silent and watched [the vendee] make extensive improvements to their property. They contracted to retain those improvements upon default knowing that because of [the vendee]'s financial problems there was little or no chance that he could perform under the contract. In such a situation, the jury reasonably could find that equity and good conscience requires [the vendors] to compensate [the vendee] for the improvements.

*Id.*

7

Characterizing *Anderson* as an "exception" to the "general rule that a defaulting vendee under a contract for deed cannot claim unjust enrichment to recoup prior contract payments," the Hammes family relies on *Hommerding v. Peterson*, 376 N.W.2d 456 (Minn. App. 1985). In *Hommerding*, the vendees purchased a home under a contract for deed. 376 N.W.2d at 457. The vendor cancelled the contract for deed after the vendees defaulted, and the vendees sued the vendor and his real-estate agent and agency for fraudulent misrepresentation regarding the water pressure at the property. *Id.* The district court granted summary judgment to the defendants on the vendees' fraudulent-misrepresentation claims and concluded that any unjust-enrichment claim also would fail on the undisputed record. *Id.* at 457, 460. We affirmed, stating that "[u]njust enrichment may not be found *merely* because [the vendees] defaulted on the contract." *Id.* at 460 (emphasis added). We noted that the contract for deed permitted the vendor to cancel the contract upon the vendees' default and provided that any payments made would be forfeited upon cancellation. *Id.* But we also stated that "a statutory cancellation [of a contract for deed] will not bar a suit for unjust enrichment" and that "[t]he theory of unjust enrichment . . . has been used to support claims based on failure of consideration, fraud, mistake, or other situations where it would be morally wrong for one party to enrich itself at the expense of another." *Id.* We distinguished *Anderson* on the basis that there "the vendors stood silently by and watched the vendee make extensive improvements to their property, contracting to retain the improvements upon default, knowing that because of the vendee's financial problems, he had little or no chance of performing." *Id.*

8

The Hammes family is correct that in this case, like *Hommerding*, the contract for deed contains a provision permitting the Hammes family to retain the sums paid by Hammes West in the event of default. But as noted by Hammes West, the contract for deed in *Anderson* also contained such a provision, which stated that "in the event of cancellation, all improvements made upon the premises, and all payments made [t]hereunder, [would] belong to vendors as liquidated damages for the breach of th[e] contract by vendees." 352 N.W.2d at 795 (quotation omitted).

Although we reached different decisions, we recognized in both cases that statutory cancellation of a contract for deed does not preclude an unjust-enrichment claim. *Hommerding*, 376 N.W.2d at 460; *Anderson*, 352 N.W.2d at 796. In this case, we therefore consider whether genuine issues of material fact existed when the district court sua sponte granted summary judgment to the Hammes family and dismissed Hammes West's unjust-enrichment claim. We also consider whether the absence of a formal motion prejudiced Hammes West.

*Genuine issues of material fact*

Hammes West identifies the following disputed factual issues that preclude summary judgment on its unjust-enrichment claim: (1) the extent of the Hammes family's knowledge of Hammes West's finances; (2) the date on which the Hammes family learned that Hammes West's buyer would not be closing on finished lots in the fall of 2014 as anticipated; (3) the date on which the Hammes family decided to cancel the contract for deed despite representing to Hammes West that it would renegotiate the contract for deed; and (4) the amounts that Hammes West expended to improve the property or otherwise

9

benefit the Hammes family after the Hammes family knew that Hammes West could not make the contract-for-deed payments. Hammes West argues that the facts set forth in its verified complaint and McGoldrick's affidavit show that the Hammes family knew that Hammes West could not make the contract-for-deed payments but stood by while Hammes West expended additional funds to enrich the Hammes family and the property.

The parties also dispute whether they had reached an agreement to amend the schedule of installment payments due under the contract for deed. Hammes West alleged in its complaint that, due to delay resulting from the need for additional soil-correction work, "the parties agreed that it would be necessary to make . . . amendments to the payment schedule." And in his affidavit, McGoldrick stated, "Mr. Gasperini actually represented to me that I did not need to worry about making the payments [to the Hammes family] because [the parties] would work out the remaining payment schedule." He also averred that Gasperini "encouraged" him to make the October 2014 payment of $50,000 and to pay the property taxes due in October, despite knowing that Hammes West would be unable to make the December 2014 contract-for-deed payment and that the Hammes family intended to cancel the contract for deed. The Hammes family denied those allegations.

The parties also dispute whether the Hammes family was enriched by cancelling the contract for deed. The Hammes family argues that Hammes West encumbered the property with more than $4 million in liens, which are now being foreclosed in separate litigation. Hammes West acknowledges the liens but argues that the work it performed increased the

10

value of the property, enriching the Hammes family. The parties' claims are replete with material factual disputes.

*Prejudice*

Hammes West argues that it was prejudiced by the lack of notice and meaningful opportunity to oppose the dismissal of its unjust-enrichment claim.

> [W]here . . . a party can show that a district court's exercise of this inherent power resulted in prejudice from lack of notice or other procedural irregularities, or that the party was not afforded a meaningful opportunity to oppose summary judgment, the court's judicious exercise of its inherent power is inappropriate and cannot be sustained.

*Phelps*, 823 N.W.2d at 894 (quotations omitted). "The district court . . . must afford the adverse party a meaningful opportunity to oppose [a sua sponte grant of summary judgment]." *Hebrink v. Farm Bureau Life Ins. Co.*, 664 N.W.2d 414, 419 (Minn. App. 2003). "Prejudice is unavoidable when a trial court denies any opportunity to marshal evidence in opposition to a basis for summary judgment raised sua sponte." *Id.* (quotation omitted).

Hammes West points out that the litigation was in its early stages with no dismissal motion having been brought and no discovery conducted. In *Del Hayes*, the district court granted summary judgment on the day set for trial, at which time a district court would rightfully expect a litigant to be fully apprised of the facts and issues. 304 Minn. at 277–78, 230 N.W.2d at 590–91. But here, the district court granted summary judgment to the Hammes family at a hearing on a temporary-injunction motion without giving Hammes West any notice that it might dismiss with prejudice Hammes West's unjust-enrichment

claim. We conclude that Hammes West was prejudiced by a lack of notice or opportunity to meaningfully resist dismissal.

Counsel for the Hammes family not only had complete access to Hammes West's financial records, accounts, and books, but also was a cosignor on Hammes West's checking account and was responsible for maintaining Hammes West's books. Based on the unusual facts and circumstances in this case, we conclude that genuine issues of material fact preclude summary judgment on Hammes West's claim of unjust enrichment, that Hammes West was prejudiced by its lack of notice and opportunity to meaningfully resist dismissal, and that the district court therefore erred by sua sponte granting summary judgment on Hammes West's claim of unjust enrichment.

**Reversed and remanded.**